UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY S. SHORT, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 4:08CV1786 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

Movant Timothy S. Short brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Short was sentenced to a term of 24 months imprisonment following his plea of guilty to one count of a superseding indictment charging him with aggravated identity theft. Case No. 4:07CR345 CDP. He did not appeal.

As his grounds for Section 2255 relief, Short alleges that the government committed prosecutorial misconduct, and that he received ineffective assistance of counsel. These claims arise from Short's belief that he was later prosecuted for conduct that the government agreed, in the plea agreement, not to prosecute. Short has also asked to amend his Section 2255 motion to raise a claim of actual innocence to the offense of aggravated identity theft. Short claims that the recent Supreme Court decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886

(2009), in which the Court held that the government must prove that a defendant knew that the "means of identification" belonged to "another person," should be applied retroactively to his case.  I will grant Short's motion to amend his motion, but because the record before me conclusively refutes Short's contentions, I will deny his claims for relief without a hearing.

## Background

From July 2006 to February 2007, Short worked at the Old Navy Store in Chesterfield, Missouri.  Short had access to credit applications completed by Old Navy customers.  These applications contained the names, social security numbers, and dates of birth of the applicants.  During this time, Short occasionally provided transportation to Robert Unique Haines, a co-conspirator in the underlying criminal case here.  On August 29, 2006, Haines was transferred from the Federal Medical Center in Rochester to a half-way house in St. Louis, Missouri.  Short sometimes transported Haines from the half-way house to various St. Louis locations.  On March 7, 2007, Haines escaped from custody.  Short continued to provide transportation for Haines after his escape, and, during that time, Short gave Haines the identifying information of credit-applicants that he had taken from his employment at Old Navy.  Haines used the identifying information to open new credit accounts and to take over existing credit accounts.

With the help of co-conspirators, Haines obtained merchandise, lodging, and services using these accounts.

When Haines was arrested on April 20, 2008, law enforcement officers found, among other documents, completed credit applications from the Old Navy Retail Store in Chesterfield, Missouri. These documents included an Old Navy credit application in the name of P.L., dated December 24, 2006. The credit application provided by Short to Haines contained the name, date of birth, and social security number of P.L., as well as her mother's maiden name. Haines used the information in the credit application to order a credit report of P.L. from the internet, and used that credit report to order a replacement card for a dormant bank account. Haines had the replacement card sent to a member of the conspiracy, and that card was used to acquire goods, lodging, and services.

On June 28, 2007, Short was charged in a twenty-three count superseding indictment. On September 5, 2007, Short entered a plea of guilty to count eleven of the superseding indictment, for aggravated identity theft in violation of 18 U.S.C. § 1028(A). In exchange for his plea, the government agreed to move for dismissal of the other counts against him, and also agreed that no further federal prosecution would be brought in the Eastern District of Missouri "relative to the defendant's participation in a conspiracy to open credit accounts between on or about October 19, 2006 and April 20, 2007 with the identifying information of

others," of which the government was aware at the time of the plea. In his plea, Short asserted that he was "fully satisfied with the representation received from defense counsel."

On November 16, 2007, I sentenced Short to the mandatory minimum sentence of 24 months imprisonment. Short now files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and a motion to amend his Section 2255 motion to add a claim of actual innocence. In his motion to vacate, Short alleges that the government committed prosecutorial misconduct because, after sentencing in this case, it then prosecuted him for the same conduct in a different criminal case, in violation of the plea agreement. Short also claims that his trial counsel was ineffective because he failed to adequately correct the breach of the plea agreement, to raise the breach on direct appeal, and to otherwise protect Short's rights relating to the breach of the plea agreement.

Between his guilty plea and sentencing, Short was charged in another criminal case. Case No. 4:07CR614 CAS (E.D. Mo.). On October 18, 2007, Short was indicted on three counts of possession of document-making implements with the intent to produce false documents. On November 29, 2007, a superseding indictment charged Short with eleven counts of aggravated identity theft, social security fraud, and possession of document-making implements with the intent to produce false documents. In Count 4 of 4:07CR614 CAS, Short was charged with

knowingly possessing and using the Social Security number of a minor in March 2007 to open a credit account for his own use. On February 5, 2008, Short pleaded guilty to two counts of the superseding indictment as part of a plea agreement. Short was sentenced on May 22, 2008, and filed a notice of appeal on June 2, 2008, but dismissed that appeal. Short also filed a §2255 motion related to that conviction, claiming relief based on double jeopardy, prosecutorial misconduct, and ineffective assistance of counsel. He also asked, as he has here, to amend his §2255 motion to add a claim of actual innocence to the aggravated identity theft conviction. On November 3, 2009, Judge Shaw dismissed Short's claims for relief under his original §2255 motion, and granted his motion to amend. Judge Shaw set a hearing to allow additional evidence on Short's claim of actual innocence. Case No. 4:09CV763 CAS. That hearing was held on January 26, 2010.

**Discussion**

As a preliminary matter, I note that I will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). No hearing is required when the claim is inadequate on its face, or the record affirmatively

refutes the factual assertions upon which the claim is based. *Id*. As noted in more detail below, I find that Short's claims are affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

I. <u>Prosecutorial Misconduct and Ineffective Assistance of Counsel Claims</u>

Short alleges that the government breached the plea agreement reached in this case, and that this breach constitutes prosecutorial misconduct. Short asserts that, although the government agreed not to prosecute him further as part of the plea agreement in the underlying criminal case here, the charged conduct in Case No. 4:07CR614 CAS, was based on this same conduct. Short further alleges that his counsel was ineffective for failing to raise the prosecutorial misconduct issue on appeal or to otherwise correct the breach of the plea agreement.

The plea agreement in the underlying criminal case, 4:07CV345 CDP, contains the following language:

> [T]he Office of the United States Attorney for the Eastern District of Missouri agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in a conspiracy to open credit accounts between on or about October 19, 2006 and April 20, 2007 with the identifying information of others, of which the Office of the United States Attorney for the Eastern District of Missouri is aware at this time.

In the later criminal case, 4:07CR614 CAS, Short was charged with, among other things, conduct relating to his use of a social security number that belonged to a minor. In that case, Short pleaded guilty to using the social security card of a

minor to open up a credit card account for his own personal gain. Short alleges that this conduct occurred during the same time period as the conduct alleged in the underlying criminal case here.

The government argues that its non-prosecution agreement in the plea agreement is limited to those matters relating to Short's participation in a conspiracy to open credit accounts. The government states that because the charges in Case No. 4:07CR614 CAS were based on Short's use of the social security number of a minor to open a credit account to further his own profit, rather than that of the conspiracy, the decision to prosecute on the additional conduct did not violate the plea agreement. The government further argues that the motion is untimely, that relief rests in Case No. 4:07CR614 CAS and not in this case, and that counsel was not ineffective.

"Plea agreements are contractual in nature, and should be interpreted according to general contract principles." *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004) (citing *Margalli-Olvera v. INS.*, 43 F.3d 345, 351 (8th Cir. 1994)). "Application of these contract principles is tempered by the constitutional implications of a plea agreement." *Margalli-Olvera*, 43 F.3d at 351. To allow the government to breach a plea agreement that induced a guilty plea would violate Short's constitutionally protected right to due process. *Id.* (internal citation omitted). "[W]hen a plea rests in any significant degree on a promise or

agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." *DeWitt*, 366 F.3d at 669 (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). To determine the meaning of a plea agreement, and the intent of the parties to it, unambiguous language should be conclusive. *Margalli-Olvera*, 43 F.3d at 351.

The language of the plea agreement in the underlying criminal case here limits the non-prosecution statement to future prosecutions arising from Short's participation in a conspiracy to open credit accounts with identifying information of others between October 19, 2006 and April 20, 2007, of which the Office of the United States Attorney for the Eastern District of Missouri was aware at that time. While the charge in Count 4 of Case No. 4:07CR614 CAS was based on conduct that may have occurred within the same time period as the conspiracy charged in Count 11 of Case No. 4:07CR345 CDP, the charges in the second case were not part of Short's conspiracy, but rather were independent actions he took on his own, intended to benefit him personally, as opposed to the conspiracy.

The conspiracy at issue charged that, between October 2006 and April 2007, co-conspirator Robert Unique Haines obtained identifying information from various individuals, including Short, who possessed access to the data through their employment. Haines used the information he received from Short to obtain the consumer's credit reports and to take-over their existing credit accounts. The

conduct in the later criminal case is based on conduct unrelated to that conspiracy. Because the plea agreement in the underlying criminal case here was limited to Short's participation in a conspiracy to open credit accounts, there was no breach of the plea agreement. As a result, Short's related claim of ineffective assistance of counsel fails. *See Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (counsel is not ineffective for failing to raise meritless claims). Short's claims in ground one and two are therefore dismissed.

## II. Actual Innocence Claim

Short also seeks leave to amend his Section 2255 motion to add a claim that he is actually innocent of the crime of aggravated identity theft in violation of 18 U.S.C. § 1028A. Short argues that based on the Supreme Court's recent decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), he would not be guilty today of the crime charged. In *Flores-Figueroa*, the Supreme Court held that 18 U.S.C. § 1028(A)(a)(1) requires the government to prove that the defendant knew that the means of identification he unlawfully transferred, possessed, or used, belonged to another person. Before *Flores-Figueroa*, the Eighth Circuit did not require knowledge that the identification belonged to another person. *See United States v. Mendoza-Gonzalez*, 520 F.3d 912 (8th Cir. 2008) (holding that the knowledge requirement of §1028(A) does not apply to "of another person.") *vacated* 129 S. Ct. 2377 (2009).

While Short failed to file his motion for leave to amend within the one-year deadline of his conviction becoming final, as required under 28 U.S.C. § 2255(f)(1), §2255(f)(3) provides that the one-year deadline for filing a §2255 motion may start from "the date on which the right asserted was initially recognized by the Supreme Court" if it is a newly recognized right, and if it has been "made retroactively applicable to cases on collateral review." 28 U.S.C. §2255(f)(3). Judge Shaw analyzed the retroactivity of the *Flores-Figueroa* opinion in Short's other § 2255 case, and found that it may be retroactively applied to final convictions. *See Short v. United States*, No. 4:09CV763 CAS, (E.D. Mo. Nov. 2, 2009) (Memorandum and Order denying Section 2255 claims, but allowing motion to amend to add actual innocence claim). I agree with that conclusion that the Supreme Court's decision in *Flores-Figueroa* appears to qualify as a new substantive rule, because it narrows the scope of 18 U.S.C. § 1028A(a)(1) by interpreting the word "knowingly" to require the government to prove the defendant knew the means of identification that he unlawfully transferred, possessed, or used belonged to another person. *Id*. at 22-24 (finding *Flores-Figueroa* to be retroactive, comparing it to the Eighth Circuit's application of *Bailey v. United States*, 516 U.S. 137 (1995), in which the Supreme Court narrowed the reach of 18 U.S.C. § 924(c)(1), to Section 2255 claims for

postconviction relief); *see e.g. Williams v. United States*, 98 F.3d 1052, 1053-54 (8th Cir. 1996) (applying *Bailey* to Section 2255 claim for postconviction relief).

Short did not raise this argument while his case was pending, and so he can only prevail on a collateral attack of his conviction based on a retroactive Supreme Court decision by proving cause, actual prejudice, or his actual innocence of the offense. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). In *Bousley*, the Court held that a petitioner could not establish "cause" by arguing that the legal basis for his claim was not reasonably available at the time of the plea, or that it would have been futile to attack the guilty plea before the retroactive decision was issued. *Id.* Short could have raised the same arguments raised by the defendant in *Flores-Figueroa*, but he did not. He has not shown cause and prejudice for his failure to do so. Under *Bousley*, the only way Short can prevail on a collateral attack of his conviction is by showing actual innocence.

Actual innocence means factual innocence and not mere legal insufficiency. *Id*. at 623. To establish actual innocence, Short must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). When a claim of actual innocence is presented in a habeas petition, "the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during the petitioner's plea colloquy and would

not have normally been offered" prior to the retroactive Supreme Court decision. *Bousley*, 523 U.S. at 624. There is no need for additional evidence here because the facts stipulated to in the plea agreement establish that Short knew that the identifying information he gave to Haines belonged to actual people.

In *Flores-Figueroa*, the Supreme Court observed that "in the classic case of identity theft, intent is generally not difficult to prove." 129 S. Ct. at 1893. The "classic case of identity theft," according to the Court, is a case "where a defendant has used another person's identification information to get access to that person's bank account." *Id*. In that situation, "the Government can prove knowledge with little difficulty." *Id*. The facts stipulated to here in Short's guilty plea establish that this is a classic case of identity theft.

In his Memorandum and Order partially dismissing Short's Section 2255 claims related to the second criminal case, Judge Shaw found that there was an issue of material fact as to whether Short could satisfy his burden of establishing actual innocence because "[i]n the underlying criminal case, neither the statement of facts signed by the defendant nor anything else in the record establishes that the defendant knew the identification documents he unlawfully possessed actually belonged to another individual." *See Short*, No. 4:09CV763 CAS, at 27. Judge Shaw noted that, while the government made an unsupported assertion that Short had the requisite knowledge because the social security number he used belonged

to his minor child, that fact was not in the evidence, nor was is supported by evidence. *Id*. at 26.

Unlike the stipulation of facts found in the Plea Agreement in Case No. 4:07CR614 CAS, the facts stipulated to in this Plea Agreement show that Short knew the that the "means of identification" he unlawfully transferred, possessed, or used did, in fact, belong to another person. The facts stipulated to in the plea agreement in the second criminal case, Case No. 4:07CR614 CAS were, in relevant part, as follows:

> On or about March 1, 2007, defendant used social security number xxx-xx-2808 in order to open a credit account with Sprint in the name of Scott Short. The Social Security Administration previously issued that number to a minor child. As a result of the use of the social security number and name of other individuals, an account number was issued identifying Scott Short with social security number xxx-xx-2808. The losses associated withe the fraudulent use of the social security numbers of the minors were more than $5,000.00.

In the case before me on which this § 2255 claim is based, however, the plea agreement stipulated to the following facts:

> . . . defendant was employed at the Old Navy Store in Chesterfield, Missouri. This employment granted defendant access to completed credit application containing the names, social security numbers, and dates of birth of others. . . . defendant provided Mr. Haines with the identifying information of credit applicants. Mr. Haines used the identifying information to open new credit accounts and takeover existing credit accounts. . . . When Mr. Haines was arrested . . . law enforcement officers discovered . . . completed credit applications from the Old Navy Retail Store in Chesterfield, Missouri . . . Specifically, the documents included . . . an Old Navy credit application in the name of P.L. dated December 24, 2006. The credit

> application provided by the defendant contained the name, date of birth, and social security number of P.L. as well as her mother's maiden name. . . .

These facts establish that Short used identifying information that he knew belonged to someone else: a credit applicant at Old Navy. In *Flores-Figueroa*, an illegal alien used a social security number on his fake social security card, and it turned out that the number he used actually belonged to another person. 129 S. Ct. at 1889. Accidental uses of social security numbers, the Court held, do not come within the conduct intended to be punished by the statute: the government has to prove that a defendant knew the number belonged to someone else. *Id*. at 1893-94. The Court noted that there are practical problems with proving this kind of knowledge in the context of forged identity documents by illegal immigrants, but noted that "where a defendant has used another person's identification information to get access to that person's bank account, the Government can prove knowledge with little difficulty." *Id*. at 1893. Short stipulated to facts that show that he gave the credit applications to Haines. There is no question that he knew that the credit applications belonged to other people: he did not come up with the information out of thin air, like an illegal immigrant might do when coming up with a social security number. Rather, Short targeted specific individuals: P.L., and other Old Navy customers. Knowledge is clear on the record, and there is no need for an evidentiary hearing in this case.

The record affirmatively refutes the factual assertions upon which Short's claims are based. Each of the grounds raised in Short's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, is without merit, and should be dismissed. I will grant Short's motion for leave to amend his Section 2255 motion to raise a claim of actual innocence to the offense of aggravated identity theft, but I find that this ground for relief is also without merit, and should be dismissed.

As Short has not made a substantial showing of the denial of a federal constitutional right, this court will not issue a certificate of appealability. *See Cox v. Norris*, 33 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.)).

Accordingly,

**IT IS HEREBY ORDERED** that movant Timothy S. Short's motion to amend his Section 2255 motion to raise a claim of actual innocence [#10] is GRANTED.

**IT IS FURTHER ORDERED** that movant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and amended motion to vacate, set aside, or correct his sentence [#1 and #4] are DENIED.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

` **IT IS FURTHER ORDERED** that movant's motion to advance the case on the docket [#12] is DENIED as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

```
                                    Catherine D. Perry
                                    _____
                                    CATHERINE D. PERRY
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 28th day of January, 2010.